Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Janssen Products, L.P.*
*and Pharma Mar, S.A.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> EVENUS PHARMACEUTICALS LABORATORIES INC. and JIANGSU HENGRUI PHARMACEUTICALS CO., LTD., <br><br> Defendants. | Civil Action No. <br><br> (Filed Electronically) |

## COMPLAINT FOR MISAPPROPRIATION OF TRADE SECRETS UNDER FEDERAL AND STATE LAW, CONVERSION, AND UNFAIR COMPETITION

Plaintiffs Janssen Products, L.P. ("Janssen") and Pharma Mar, S.A. ("Pharma

Mar") (collectively, "Plaintiffs"), for their Complaint against Defendants eVenus

Pharmaceuticals Laboratories Inc. ("eVenus") and Jiangsu Hengrui Pharmaceuticals Co., Ltd.

("Jiangsu") (collectively, "eVenus-Jiangsu" or "Defendants"), allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for misappropriation of trade secrets under the Defend Trade Secrets Act, 18 U.S.C. § 1836 and the New Jersey Trade Secrets Act § 56:15-1, *et seq.,* and related claims for unfair competition and conversion, 28 U.S.C. §§ 2201 and 2202.

2.      This action is related to an ongoing patent infringement action in this district against, *inter alia*, eVenus-Jiangsu, Civil Action No. 3:20-cv-09369-GC-RLS ("Related Patent Action"), which arose from eVenus-Jiangsu's filing of Abbreviated New Drug Application No. 214327 (the "eVenus ANDA"), supported by Drug Master File No. 33677 (the "Jiangsu DMF"), seeking approval to sell a generic copy of Plaintiffs' highly successful Yondelis® (trabectedin) 1 mg/vial (the "eVenus-Jiangsu ANDA Product") prior to the expiration of U.S. Patent Nos. 8,895,557 (the "'557 Patent") and 7,420,051 (the "'051 Patent").

3.      During the course of the Related Patent Action, Plaintiffs learned that the misconduct of eVenus-Jiangsu goes beyond the infringement of Plaintiffs' '557 and '051 Patents.  eVenus-Jiangsu also misappropriated and used Plaintiffs' trade secrets and confidential information that disclose the commercial process for manufacturing trabectedin, the active ingredient in Yondelis®, and the final formulated trabectedin product, as well as the specifications for trabectedin and the final formulated trabectedin product, at a level of detail necessary for regulatory approval.  Without Plaintiffs' trade secrets and confidential information, eVenus-Jiangsu would not have been able to prepare the eVenus-Jiangsu ANDA Product, the eVenus ANDA, or the Jiangsu DMF in the form and in the time frame that they did, and, therefore, would not have been eligible for Paragraph IV first filer status, which affords eVenus-Jiangsu, and their partner, Fresenius Kabi USA, LLC ("Fresenius") (eVenus, Jiangsu and Fresenius are collectively, "eVenus-Jiangsu-Fresenius"), a significant commercial advantage.

The court in the Related Patent Action ordered Plaintiffs to file this action as a related action. D.I. 259 and D.I. 260 of Related Patent Action.

## THE PARTIES

4.      Plaintiff Janssen Products, L.P., is a partnership organized under the laws of the State of New Jersey, having its headquarters and principal place of business at 800/850 Ridgeview Drive, Horsham, PA 19044.

5.      Plaintiff Pharma Mar, S.A. is a Spanish corporation, having its principal place of business at Avda. de los Reyes, 1 Pol. Ind. La Mina, 28770, Colmenar Viejo, Madrid, Spain.

6.      On information and belief, Defendant eVenus is a corporation organized and existing under the laws of New Jersey, with a principal place of business at 506 Carnegie Center, Suite 100, Princeton, New Jersey, 08540.  On information and belief, eVenus is in the business of, among other things, marketing and selling generic copies of branded pharmaceutical products for the U.S. market.  On information and belief, eVenus is a wholly-owned subsidiary, alter ego and agent of Defendant Jiangsu.  On information and belief, eVenus is the holder of the eVenus ANDA.

7.      On information and belief, Defendant Jiangsu is a corporation organized and existing under the laws of China, having a principal place of business at 7 Kunlunshan Road, Economic and Technological Development Zone, Liangyungang, Jiangsu China 222047.  On information and belief, Jiangsu is in the business of, among other things, manufacturing generic copies of branded pharmaceutical products for the U.S. market and/or manufacturing active pharmaceutical ingredients ("API") for generic copies of branded pharmaceutical products for the U.S. market.  On information and belief, the acts of eVenus complained of herein were done with the cooperation, participation, and assistance of Jiangsu.  On information and belief, Jiangsu

3

is the holder of DMF No. 33677.  On information and belief, Jiangsu will manufacture the API for the proposed eVenus-Jiangsu ANDA Product.

8.     On information and belief, eVenus, Jiangsu, and Fresenius collaborate with respect to the development, regulatory approval, commercial manufacture, marketing, sale, offer for sale, and/or distribution of the proposed eVenus-Jiangsu ANDA Product for the U.S. market, including in the State of New Jersey.

9.     On information and belief, eVenus, Jiangsu, and Fresenius intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the proposed eVenus-Jiangsu ANDA Product, in the event FDA approves the eVenus ANDA.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 2201, and 2202.  This Court has original jurisdiction over this controversy for misappropriation of trade secrets claims pursuant to 18 U.S.C. § 1836(c). This Court also has supplemental jurisdiction over the controversy for the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

11.     On information and belief, this Court has personal jurisdiction over eVenus because eVenus has purposely availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

12.     On information and belief, this Court has personal jurisdiction over eVenus, *inter alia*, because eVenus's principal place of business is in Princeton, New Jersey.

13.     On information and belief, eVenus is a corporation organized and existing under the laws of the State of New Jersey.  By virtue of its incorporation in New Jersey, this Court has personal jurisdiction over eVenus.

4

14.     On information and belief, eVenus is registered with the State of New Jersey's Division of Revenue and Enterprise Services as a business operating in New Jersey under Business I.D. No. 0400276509.

15.     On information and belief, eVenus is registered with the State of New Jersey's Department of Health as a wholesaler under Registration No. 5004028.

16.     On information and belief, eVenus has had persistent and continuous contacts with this judicial district, including developing, marketing pharmaceutical products that are sold in this judicial district, and selling pharmaceutical products in this judicial district.

17.     On information and belief and as stated in the Paragraph IV Notice Letter, eVenus intends to engage in the commercial manufacture, use, or sale of the proposed eVenus-Jiangsu ANDA Product throughout the United States, including in New Jersey.  But for eVenus-Jiangsu's misappropriation of Plaintiffs' highly sensitive trade secrets and proprietary and confidential information ("Plaintiffs' Proprietary Information"), eVenus-Jiangsu would not have been able to prepare the eVenus-Jiangsu ANDA Product, the eVenus ANDA, or the Jiangsu DMF filed with FDA.  The conduct of eVenus will therefore cause injury to Plaintiffs in New Jersey.

18.     On information and belief, eVenus directly and/or through its parent company Jiangsu markets, distributes and sells generic pharmaceutical products throughout the United States, including in this judicial district.

19.     On information and belief, eVenus derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this judicial district, directly and/or through its parent company Jiangsu.

20.    On information and belief, eVenus directly and/or through its parent company Jiangsu has an extensive network of physicians, hospitals, long-term care facilities, group purchasing organizations, retailers, wholesalers, and distributors in this judicial district.

21.    Venue is proper in this judicial district for eVenus pursuant to 28 U.S.C. § 1391 because, *inter alia*, eVenus is a corporation organized and existing under the laws of New Jersey, and has a regular and established place of business at its headquarters in Princeton, New Jersey, located within this judicial district.

22.    On information and belief, Jiangsu is subject to personal jurisdiction in New Jersey because, among other things, Jiangsu itself and through its wholly-owned subsidiary and alter ego, eVenus, has purposefully availed itself of the benefits and protections of New Jersey's laws such that it should reasonably anticipate being haled into court here.

23.    On information and belief, this Court has personal jurisdiction over Jiangsu because, *inter alia,* it: (1) intends to market, sell or distribute the proposed eVenus-Jiangsu ANDA Product to residents of New Jersey; (2) has continuous and systemic contacts with the State of New Jersey and regularly conducts business in the State of New Jersey, either directly or through one or more of its affiliates, agents, and/or alter egos; (3) exercises control over Defendant eVenus; (4) operates through its wholly owned subsidiary and alter ego eVenus, which is incorporated and maintains a principal place of business in New Jersey; (5) makes its generic pharmaceutical products available in New Jersey; (6) maintains a broad distributorship network within New Jersey; (7) enjoys substantial income from sales of its generic pharmaceutical products in New Jersey; and (8) instructs Defendant eVenus, its wholly-owned subsidiary, alter ego, and agent, to perform important functions on its behalf.

24.    On information and belief, Jiangsu has been and is engaging in preparing and submitting the Jiangsu DMF, and acting in concert with eVenus in the preparation and submission of the eVenus ANDA seeking FDA approval to market the proposed eVenus-Jiangsu ANDA Product throughout the United States, including in New Jersey.  On information and belief, Jiangsu will manufacture the API for the proposed eVenus-Jiangsu ANDA Product. But for eVenus-Jiangsu's misappropriation of Plaintiffs' Proprietary Information, eVenus-Jiangsu would not have been able to prepare the eVenus-Jiangsu ANDA Product, the eVenus ANDA, or the Jiangsu DMF filed with FDA.  The conduct of Jiangsu will therefore cause injury to Plaintiffs in New Jersey.

25.    On information and belief, Jiangsu and eVenus operate and act in concert as an integrated, unitary business.  Jiangsu and eVenus work in concert with respect to the manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in New Jersey.

26.    On information and belief, eVenus acts at the direction, and for the benefit, of Jiangsu, and is controlled and/or dominated by Jiangsu.

27.    In the alternative, as to Jiangsu, this Court's exercise of personal jurisdiction is also proper pursuant to Federal Rule of Civil Procedure 4.  On information and belief, Jiangsu is a foreign company organized and existing under the laws of China, with a principal place of business in Lianyungang, Jiangsu, China.

28.    This Court has personal jurisdiction over Jiangsu because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met, as: (1) Plaintiffs' claims arise under federal law; (2) Jiangsu is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (3) Jiangsu has sufficient contacts in the United States as a whole,

including, but not limited to, participating in the preparation and submission of eVenus's ANDA, preparing and submitting the Jiangsu DMF to FDA, and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, including in this judicial district, such that this Court's exercise of jurisdiction over Jiangsu satisfies due process.

29.    Litigating in the District of New Jersey would not burden Jiangsu unduly. The United States has a substantial interest in adjudicating the dispute and enforcing its intellectual property laws.  Plaintiffs have a substantial interest in obtaining convenient and effective relief for violations of their property interests.  In addition, the states have a shared interest in furthering the fundamental substantive policy of the United States with respect to its intellectual property laws.

30.    Venue is proper in this district for Jiangsu pursuant to 28 U.S.C. §§ 1391 because, *inter alia*, Jiangsu is a company organized and existing under the laws of China and may be sued in any judicial district.  28 U.S.C. § 1391(c)(3).

31.    eVenus-Jiangsu are Defendants in the ongoing Related Patent Action, which Plaintiffs filed on July 23, 2020.

32.    On July 15, 2020, counsel for eVenus-Jiangsu confirmed that eVenus-Jiangsu consented to jurisdiction and venue in the District of New Jersey for the purposes of the Related Patent Action.

33.    eVenus-Jiangsu has invoked the jurisdiction of the courts of this judicial district as a counterclaim plaintiff in the Related Patent Action. *See, e.g.*, Related Patent Action, D.I. 63 (D.N.J. Jan. 7, 2021).

34.    eVenus-Jiangsu has not contested personal jurisdiction in this judicial district. *See, e.g.*, Related Patent Action, D.I. 63 (D.N.J. Jan. 7, 2021).

8

35.    On April 14, 2022, counsel for eVenus-Jiangsu requested that Plaintiffs proceed with their claims for misappropriation of trade secrets under 18 U.S.C. § 1836, misappropriation of trade secrets under New Jersey Trade Secrets Act § 56:15-1, et seq., and conversion and unfair competition by filing a related action, thereby consenting to jurisdiction and venue in the District of New Jersey.

### NATURE OF THE MISAPPROPRIATION, UNFAIR COMPETITION AND CONVERSION CLAIMS AGAINST EVENUS-JIANGSU

36.    During discovery in the Related Patent Action, Plaintiffs learned that the misconduct of eVenus-Jiangsu extends beyond the issues of patent infringement in that case.  In addition to infringing Plaintiffs' '557 and '051 Patents, eVenus-Jiangsu also misappropriated Plaintiffs' Proprietary Information.

37.    More specifically, eVenus-Jiangsu acquired and used trade secrets and confidential information from at least five non-public documents that lay out, in words and pictures, the specifications for trabectedin and the final formulated trabectedin product and the entire process from start to finish for manufacturing trabectedin and the final formulated trabectedin product, and used that information to develop the eVenus-Jiangsu ANDA Product, the eVenus ANDA, and the Jiangsu DMF.

38.    It took Plaintiffs well over a decade and a significant investment of financial and other resources to develop the processes and specifications set forth in these highly confidential documents.  The documents were submitted by Plaintiffs, confidentially, to regulatory authorities in the United States and China.  The documents, and the information contained in them, have never been made public.

39.    Without the information contained in these documents, eVenus-Jiangsu would not have been able to prepare the eVenus-Jiangsu ANDA Product, the eVenus ANDA, or

the Jiangsu DMF in the form submitted to FDA.  Nor would they have been a first Paragraph IV

filer, which affords them a significant commercial advantage.

## PLAINTIFFS' CONFIDENTIAL INFORMATION AND TRADE SECRETS

40.    Yondelis® is a lyophilized injectable drug that FDA approved in 2015 for

the treatment of patients who have specific types of advanced or metastatic soft tissue cancer.

These are patients who had already received prior chemotherapy.  Yondelis® offers a life-saving

treatment for this fragile patient population.  Prior to Yondelis® the treatment landscape for soft

tissue sarcoma had been relatively stagnant for decades.  The treatment of advanced or metastatic

soft-tissue sarcoma represents a difficult challenge with few effective therapeutic choices

available for patients.  Yondelis® provides a new treatment option for patients living with this

aggressive disease.  Together, Plaintiffs spent more than a decade and more than half a billion

dollars on research and development to bring Yondelis® to market.  A significant portion of

Plaintiffs' investment and research and development efforts focused on creating processes for

manufacturing the trabectedin API on a commercial scale and developing a stable formulation

that could be manufactured into the final product so that Yondelis® could be commercialized as a

safe and stable drug product.

41.    Trabectedin is an extremely complex small molecule compound.

Manufacturing it on a commercial scale poses significant challenges.  Plaintiffs overcame those

challenges through years of extensive research and development.  Through their research,

Plaintiffs developed Plaintiffs' Proprietary Information.  Plaintiffs' Proprietary Information

includes, but is not limited to, data, specifications, and methods at each step of the manufacturing

process.  Plaintiffs' research and development efforts also involved developing a novel

formulation for trabectedin that, unlike earlier formulations, could be manufactured as a safe

final vialed injectable product that is stable during storage. These efforts also generated a substantial amount of proprietary information, including but not limited to data, specifications and methods for controlling purity and quality of the final vialed drug product, i.e., Yondelis®, including development of processes for monitoring and controlling quality and purity. Plaintiffs' Proprietary Information made the regulatory approval for Yondelis® possible.

42.    For example, Plaintiffs conducted extensive research and development to define process parameters for manufacturing the Yondelis® injectable formulation, including the steps for preparing buffer solutions, lyophilization, sterilization, filtration, testing, inspection, and packaging, including the appropriate container closure system, all of which are important aspects of preparing the regulatory submissions for Yondelis®. Plaintiffs' Proprietary Information also includes other confidential information and trade secrets for preparing Yondelis® or related products. Further, Plaintiffs' Proprietary Information also comprises Plaintiffs' proprietary, confidential tangible property, including in the form of tangible documents, images, and files. Plaintiffs' Proprietary Information plays a significant role in making Yondelis® available to patients.

## CONFIDENTIALITY OF PLAINTIFFS' PROPRIETARY INFORMATION

43.    Plaintiffs' Proprietary Information is reflected in certain documents required to be filed with regulatory authorities to obtain approval to market Yondelis®; those documents are highly confidential and not publicly available.

44.    eVenus-Jiangsu is in possession of Plaintiffs' Proprietary Information.

45.    eVenus-Jiangsu could have only obtained Plaintiffs' Proprietary Information through misappropriation.

46.    To protect the confidentiality of Plaintiffs' Proprietary Information, Plaintiffs have implemented numerous security measures. For example, Plaintiffs each maintain

11

the secrecy and confidentiality of Plaintiffs' Proprietary Information by (a) restricting access to confidential information, (b) requiring employees to read and agree to confidentiality obligations as a condition of their employment to protect their confidential information, (c) utilizing secure computer systems with restricted access, firewalls, private networks, and password protection to safeguard their confidential information, and (d) physically securing Plaintiffs' offices and facilities, and otherwise controlling access to Plaintiffs' premises so as to further safeguard confidential information.

47.     Plaintiffs also require third parties, such as partners and vendors, to sign non-disclosure agreements.  Plaintiffs also limit access to confidential information to such third parties on an as-needed basis.

48.     Plaintiffs' Proprietary Information derives significant actual and potential economic value from not being generally known to the public or competitors, or to other persons who can obtain economic value from its use and disclosure.  Plaintiffs also derive substantial business advantage and significant economic benefit from maintaining ownership and confidentiality of Plaintiffs' Proprietary Information.  Plaintiffs have suffered and will continue to suffer irreparable competitive harm if Plaintiffs' Proprietary Information is disclosed to, obtained by, or used by their competitors or other third parties.

49.     Plaintiffs' Proprietary Information comprises trade secrets under N.J.S.A. § 56:15-2 (2013) and the Defend Trade Secrets Act of 2016 (18 U.S.C. § 1832).

## EVENUS-JIANGSU'S USE OF PLAINTIFFS' PROPRIETARY INFORMATION AND HARM TO PLAINTIFFS

50.     On information and belief, eVenus' ANDA seeking FDA approval to market the proposed eVenus-Jiangsu ANDA Product is one of eVenus-Jiangsu's first forays into the United States generic drug market.  On information and belief, it was important for eVenus-

12

Jiangsu-Fresenius to be the "first filer" for a generic copy of Yondelis® and to be eligible for the significant commercial value that comes from being a first filer under the Hatch-Waxman Act.

51.     On information and belief, eVenus-Jiangsu-Fresenius is eligible for first filer status for their proposed eVenus-Jiangsu ANDA Product and Fresenius provided eVenus-Jiangsu with significant financial incentives and benefits for filing the eVenus ANDA and supporting Jiangsu DMF in time to be eligible for first filer status.

52.     On information and belief, eVenus-Jiangsu took shortcuts and improperly and intentionally acquired, used and/or disclosed Plaintiffs' Proprietary Information so that it could submit its ANDA and DMF to the FDA to be eligible for first filer status.  In particular, eVenus-Jiangsu obtained Plaintiffs' Proprietary Information from Plaintiffs' highly confidential regulatory documents for Yondelis®.  eVenus-Jiangsu obtained Plaintiffs' Proprietary Information relating to Plaintiffs' process for manufacturing trabectedin API on a commercial scale, including highly confidential descriptions, specifications, data, and details about methods used to monitor and control the quality of trabectedin.  By obtaining such information, eVenus-Jiangsu was able to use Plaintiffs' Proprietary Information to develop its regulatory submission for a generic copy of Yondelis® without having to expend years developing information needed for acceptance of its ANDA and regulatory approval.  Plaintiffs' Proprietary Information gave eVenus-Jiangsu a tremendous advantage in the preparation of eVenus' ANDA.  Plaintiffs' Proprietary Information provided eVenus-Jiangsu with a clear roadmap for preparing the ANDA submission and supporting DMF.

53.     Additional aspects of Plaintiffs' Proprietary Information obtained by eVenus-Jiangsu include highly confidential drug product descriptions and specifications, including methods used to monitor and control the quality and characteristics of the final vialed

13

drug product.  By obtaining such information, eVenus-Jiangsu was able to use Plaintiffs' significant research and development effort required to develop a stable final vialed drug product.  Plaintiffs' Proprietary Information gave eVenus-Jiangsu a substantial advantage in preparing the ANDA.  For example, Plaintiffs' Proprietary Information provided the exact container and stopper specifications that should be used, which is critical for injectable drug products, because they need to remain sterile and stable prior to use to treat the fragile patient population for whom Yondelis® is prescribed.

54.     On information and belief, working in concert as an integrated, unitary business in developing the proposed eVenus-Jiangsu ANDA Product, eVenus and Jiangsu used and are using Plaintiffs' Proprietary Information and did not undertake the research and development necessary to independently develop the eVenus-Jiangsu ANDA Product and prepare the eVenus ANDA.

55.     Plaintiffs were unaware of these activities by eVenus-Jiangsu until recently and do not know the full extent of eVenus-Jiangsu's unauthorized acquisitions, uses or disclosures of Plaintiffs' highly sensitive, confidential, proprietary information and trade secrets. Discovery is ongoing in this case and eVenus-Jiangsu's document production is incomplete and corrupted.

56.     By obtaining and using the misappropriated Plaintiffs' Proprietary Information to develop the trabectedin drug substance and formulated drug product, the eVenus-Jiangsu ANDA Product and/or other products that rely on Plaintiffs' Proprietary Information, including products that will directly compete with Plaintiffs' products, eVenus-Jiangsu have exploited Plaintiffs' Proprietary Information in a manner that has diminished and diminishes the value of Plaintiffs' Proprietary Information.  On information and belief, eVenus-Jiangsu's

misappropriation of Plaintiffs' Proprietary Information enabled eVenus-Jiangsu to unfairly shortcut efforts to develop a generic product and acceptable regulatory submission by using Plaintiffs' Proprietary Information as a roadmap for the proposed eVenus-Jiangsu ANDA Product, the eVenus ANDA, and the Jiangsu DMF.

57.    In addition to causing actual losses to Plaintiffs in the form of unfair competitive harms, eVenus-Jiangsu's misappropriation of the Plaintiffs' Proprietary Information has and will unjustly enrich eVenus-Jiangsu.

## COUNT I

## Misappropriation of Trade Secrets under 18 U.S.C. § 1836 by eVenus-Jiangsu

58.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 57 hereof, as if fully set forth herein.

59.    Plaintiffs are the owners of Plaintiffs' Proprietary Information, which includes trade secrets and confidential information relating to the processes and methods of manufacturing trabectedin and the Yondelis® injectable formulation and the specifications for the trabectedin drug substance and the final formulated trabectedin product.  These trade secrets and confidential information derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

60.    Plaintiffs take reasonable steps under the circumstances to keep Plaintiffs' Proprietary Information confidential.  Plaintiffs are informed and believe that eVenus-Jiangsu misappropriated Plaintiffs' Proprietary Information by wrongfully obtaining and/or using Plaintiffs' Proprietary Information.  Plaintiffs' investigation of this conduct, which is ongoing, has identified repeated instances of misappropriation by eVenus-Jiangsu, including those described above.

15

61.     eVenus-Jiangsu know or should know that Plaintiffs' Proprietary Information was acquired by improper means.  eVenus-Jiangsu have disclosed and/or used Plaintiffs' Proprietary Information after improperly acquiring Plaintiffs' Proprietary Information.

62.     eVenus-Jiangsu has caused and continues to cause Plaintiffs damages and irreparable injury.

63.     Plaintiffs are entitled to an award of damages available under 18 U.S.C. § 1836 for eVenus-Jiangsu's unjust enrichment and misappropriation.

64.     eVenus-Jiangsu's misappropriation is reckless, willful and malicious and thereby entitles Plaintiffs to an award of exemplary damages as well as attorneys' fees.

65.     eVenus-Jiangsu's misappropriation of Plaintiffs' confidential and trade secret information has caused and will continue to cause Plaintiffs irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting eVenus-Jiangsu from misappropriating, using or disclosing Plaintiffs' Proprietary Information in any manner, and ordering that eVenus-Jiangsu permanently destroy any of Plaintiffs' Proprietary Information in their possession, custody or control, including any materials that in any way used or relied on Plaintiffs' Proprietary Information, is necessary to provide Plaintiffs with complete relief.

## COUNT II

### Misappropriation of Trade Secrets under
### New Jersey Trade Secrets Act § 56:15-1, et seq. by eVenus-Jiangsu

66.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 65 hereof, as if fully set forth herein.

67.     Plaintiffs are the owners of Plaintiffs' Proprietary Information, which includes trade secrets and confidential information relating to the processes and methods of

16

manufacturing trabectedin drug substance and the Yondelis® injectable formulation and the specifications for the trabectedin drug substance and the final formulated trabectedin product. These trade secrets and confidential information are described generally above and comprise data, formulas, methods, techniques, drawings, protocols, and processes that constitute "trade secrets" under N.J.S.A. §56:15-2. These trade secrets derive independent economic value from not being known to the public or other persons who could obtain economic value from their disclosure or use.

68.     Plaintiffs take reasonable steps under the circumstances to keep Plaintiffs' Proprietary Information confidential. Plaintiffs are informed and believe that eVenus-Jiangsu misappropriated Plaintiffs' Proprietary Information by wrongfully obtaining and/or using Plaintiffs' Proprietary Information. Plaintiffs' investigation of this conduct, which is ongoing, has identified repeated instances of this misappropriation by eVenus-Jiangsu, including those described above.

69.     eVenus-Jiangsu know or should know that Plaintiffs' Proprietary Information was acquired by improper means. eVenus-Jiangsu have disclosed and/or used Plaintiffs' Proprietary Information after improperly acquiring Plaintiffs' Proprietary Information.

70.     eVenus-Jiangsu's misappropriation has caused and continues to cause Plaintiffs damages and irreparable injury.

71.     Plaintiffs are entitled to an award of damages available under New Jersey Trade Secrets Act § 56:15-1 for eVenus-Jiangsu's unjust enrichment and misappropriation.

72.     eVenus-Jiangsu's misappropriation is reckless, willful and malicious and thereby entitles Plaintiffs to an award of exemplary damages as well as attorneys' fees.

73. eVenus-Jiangsu's misappropriation of Plaintiffs' confidential and trade secret information has caused and will continue to cause Plaintiffs irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting eVenus-Jiangsu from misappropriating, using or disclosing Plaintiffs' Proprietary Information in any manner, and ordering that eVenus-Jiangsu permanently destroy any of Plaintiffs' Proprietary Information in their possession, custody or control, including any materials that in any way used or relied on Plaintiffs' Proprietary Information, is necessary to provide Plaintiffs with complete relief.

## COUNT III

### Conversion

74. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 73 hereof, as if fully set forth herein.

75. eVenus-Jiangsu knew or should have known that taking and using any of Plaintiffs' Proprietary Information in connection with any activities related to drug manufacturing or development of the eVenus-Jiangsu ANDA Product or submission of the eVenus ANDA or Jiangsu DMF was prohibited and an unlawful taking of Plaintiffs' Proprietary Information.

76. At all relevant times, Plaintiffs owned Plaintiffs' Proprietary Information contained in writing, which eVenus-Jiangsu has willfully used, misappropriated and/or disclosed to third parties.

77. eVenus-Jiangsu converted, and/or will continue to convert Plaintiffs' Proprietary Information for their own use and financial gain and without authorization and/or consent from Plaintiffs.

78.     As a direct and proximate result of eVenus-Jiangsu's conversion of Plaintiffs' property, Plaintiffs have incurred and continue to incur damages and irreparable injury, including without limitation, lost value and potential profits they would have earned but for eVenus-Jiangsu's actions.

79.     Plaintiffs are entitled to recover compensatory and punitive damages from eVenus-Jiangsu. The amount of such relief cannot be determined precisely at this time.

80.     eVenus-Jiangsu's conversion of Plaintiffs' Proprietary Information has caused and will continue to cause Plaintiffs irreparable and substantial injury and therefore cannot be fully redressed through damages alone.  An injunction prohibiting eVenus-Jiangsu from using, disclosing, or relying on Plaintiffs' Proprietary Information in any manner, and ordering that eVenus-Jiangsu permanently destroy any of Plaintiffs' Proprietary Information in their possession, custody, or control, including any materials that in any way used or relied on Plaintiffs' Proprietary Information, is necessary to provide Plaintiffs with complete relief.

## COUNT IV

### Unfair Competition by eVenus-Jiangsu

81.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 80 hereof, as if fully set forth herein.

82.     Plaintiffs are the owners of Plaintiffs' Proprietary Information relating to the processes and methods of manufacture of the trabectedin drug substance and the Yondelis® injectable formulation and the specifications for the trabectedin drug substance and the final formulated trabectedin product.  Plaintiffs' Proprietary Information described above constituted "confidential information" under New Jersey common law.

83.     Plaintiffs have taken reasonable steps to maintain the confidentiality of their Proprietary Information, including by, among other things, requiring agreement to

19

confidentiality and/or nondisclosure agreements with any party with access to their confidential information.

84.    eVenus-Jiangsu have unfairly sought to compete with Plaintiffs after acquiring, using or disclosing Plaintiffs' Proprietary Information.  By using the information contained in Plaintiffs' Proprietary Information in connection with developing the proposed eVenus-Jiangsu ANDA Product, Defendants were seeking and continue to seek an unfair advantage by taking and using Plaintiffs' Proprietary Information, which takes significant time, as well as requires significant financial and personnel resources to develop and make commercially viable.

85.    Plaintiffs are informed and believe that eVenus-Jiangsu's use of Plaintiffs' Proprietary Information permitted eVenus-Jiangsu to shortcut their efforts in connection with the eVenus-Jiangsu ANDA Product, eVenus ANDA, and Jiangsu DMF.  Plaintiffs' investigation of this conduct, which is ongoing, has identified repeated instances of unauthorized use of Plaintiffs' Proprietary Information, including those described above.

86.    Plaintiffs are informed and believe that eVenus-Jiangsu's actions have been and will continue to be reckless, willful and deliberate.  As a direct and proximate result of such actions by eVenus-Jiangsu, Plaintiffs have incurred and continue to incur damages and irreparable injury, including, without limitation, lost value as well as loss of sales and potential profits they would have earned but for eVenus-Jiangsu's actions.

87.    Plaintiffs are informed and believe that eVenus-Jiangsu have derived and received, and will continue to derive and receive, significant advantages, including future milestones, profits and royalties, from their acts of unfair competition.

20

88.      By reason of the above-alleged acts and conduct with respect to Plaintiffs' Proprietary Information, Plaintiffs have been damaged, and will continue to suffer irreparable harm and damage.  The amount of irreparable harm will be difficult if not impossible to ascertain, and Plaintiffs will be without an adequate remedy at law.

89.      Plaintiffs are also entitled to recover compensatory and punitive damages from eVenus-Jiangsu. The amount of such relief cannot be determined precisely at this time.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

(a)      a declaration that eVenus-Jiangsu wrongfully misappropriated or used Plaintiffs' Proprietary Information;

(b)      a declaration that eVenus-Jiangsu engaged in unfair competition;

(c)      a declaration that eVenus-Jiangsu improperly converted Plaintiffs' property;

(d)      a judgment permanently enjoining eVenus-Jiangsu from misappropriating Plaintiffs' Proprietary Information;

(e)      a judgment permanently enjoining eVenus-Jiangsu from using or disclosing Plaintiffs' Proprietary Information in any way;

(f)      a judgment ordering eVenus-Jiangsu to withdraw eVenus ANDA No. 214327 and Jiangsu DMF No. 33677 filed with FDA;

(g)      a judgment ordering that eVenus-Jiangsu permanently destroy any of Plaintiffs' Proprietary Information in their possession, custody or control, including any materials that in any way used or relied on Plaintiffs' Proprietary Information;

(h)      an award of compensatory damages in an amount to be proven at trial;

21

(i)      an award of future royalties and profits;

(j)      disgorgement of profits and cost savings accrued by eVenus-Jiangsu;

(k)      an award of Plaintiffs' costs, expenses, reasonable attorneys' fees, and

such other relief as the Court deems just and proper pursuant to N.J.S.A. § 56:15-6, and 18

U.S.C. §1836(b)(3)(D); and

(l)      punitive and/or exemplary damages pursuant to 18 U.S.C. §1836(b)(3)(C)

and  N.J.S.A. § 56:15-4(b) and under common law; and

(m)      such other and further relief as the Court may deem just and proper.

Dated: April 28, 2022

*Of Counsel*:
Irena Royzman
Christine Willgoos
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
Telephone:  212.715.9100
iroyzman@kramerlevin.com

Lisa Kobialka
Daniel Williams
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: 650.752.1700
Facsimile: 650.752.1800
lkobialka@kramerlevin.com

s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com


*Attorneys for Plaintiffs*
*Janssen Products, L.P. and Pharma Mar, S.A.*

22

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULES 11.2 AND 40.1**

Pursuant to Local Civil Rules 11.2 and 40.1, I hereby certify that the matter captioned

*Janssen Products, L.P., et al. v. eVenus Pharmaceuticals Laboratories Inc., et al.*, Civil Action

No. 20-9369 (GC)(RLW) (D.N.J.) is related to the matter in controversy because the matter in

controversy involves the same plaintiffs and some of the same defendants, and because the

infringement claims against eVenus-Jiangsu in Civil Action No. 20-9369 are directly related to

the claims asserted against eVenus-Jiangsu in this case as eVenus-Jiangsu is seeking FDA

approval to market a generic version of Yondelis® in Civil Action No. 20-9369 by

misappropriating Plaintiffs' trade secrets and confidential proprietary information ("Trade Secret

Information") and it uses Plaintiffs' Trade Secret Information to infringe Plaintiffs' patents in

Civil Action No. 20-9369.  Moreover, Plaintiffs were ordered by the Hon. Rukhsanah L. Singh,

U.S.M.J. in the Related Patent Action to designate this action as related to Civil Action No. 20-

9369.  Related Patent Action, D.I. 260.

I further certify that, to the best of my knowledge, the matter in controversy is not the

subject of any other action pending in any court, or of any pending arbitration or administrative

proceeding.


Dated: April 28, 2022

*Of Counsel*:
Irena Royzman
Christine Willgoos
KRAMER LEVIN NAFTALIS &
FRANKEL LLP
1177 Avenue of the Americas
New York, NY  10036
Telephone:  212.715.9100
iroyzman@kramerlevin.com

Lisa Kobialka
Daniel Williams

s/ Charles M. Lizza
Charles M. Lizza
William C. Baton
Sarah A. Sullivan
SAUL EWING ARNSTEIN & LEHR LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiffs*
*Janssen Products, L.P. and Pharma Mar, S.A.*

23

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
990 Marsh Road
Menlo Park, CA 94025
Telephone: 650.752.1700
Facsimile: 650.752.1800
lkobialka@kramerlevin.com