UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JANSSEN PRODUCTS, L.P. and PHARMA MAR, S.A., <br><br> Plaintiffs, <br><br> v. <br><br> EVENUS PHAMACEUTICALS LABORATORIES INC. and JIANGSU HENGRUI PHARMACEUTICALS CO. LTD., <br><br> Defendants. | Civil Action No. 22-2499 (RMB) (RLS) <br><br> **MEMORANDUM OPINION AND ORDER** <br><br> **FILED UNDER SEAL** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon the informal application of Plaintiffs Janssen Products, L.P. and Pharma Mar, S.A. ("Plaintiffs"), for Leave to File a First Amended Complaint (the "Request for Leave to Amend"). (Dkt. No. 279). Defendants eVenus Pharmaceuticals Laboratories Inc. ("eVenus") and Jiangsu Hengrui Pharmaceuticals Co., Ltd. ("Hengrui") (collectively, "Defendants") oppose the Request, (Dkt. No. 301), to which Plaintiffs have replied, (Dkt. No. 307). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiffs' Request for Leave to Amend is GRANTED.

I.   RELEVANT BACKGROUND AND PROCEDURAL HISTORY

This action arises out Plaintiffs' allegations that Defendants misappropriated Plaintiffs' trade secrets to formulate a generic copy of Plaintiffs' Yondelis® drug product. Yondelis® has an active ingredient, trabectedin, which treats certain patients with specific forms of rare soft tissue tumors.

On September 28, 2023, the Court entered an Amended Pretrial Scheduling Order, setting a

1

deadline of November 8, 2023 for the parties to file any motion(s) for leave to amend their pleadings or join new parties. (Dkt. No. 273). On October 6, 2023, Plaintiffs filed a letter informally seeking leave to file a Second Amended Complaint to add a claim for civil conspiracy against Defendants.[1] (Dkt. No. 279). On October 23, 2023, Defendants filed their Opposition to Plaintiffs' Request for Leave to Amend, contending that the proposed civil conspiracy claim is futile. (Dkt. No. 301). Specifically, Defendants contend that Plaintiffs have not alleged sufficient plausible facts to sustain a conspiracy claim, which would in any event fail as a matter of law because a parent corporation and its wholly-owned subsidiary cannot conspire with each other. (*See* Dkt. No. 301). On October 27, 2023, Plaintiffs filed a reply to the opposition, arguing that the intra-corporate conspiracy doctrine does not apply to their proposed conspiracy claim and that they have pled sufficient facts to withstand the liberal standard for amendments under Federal Rule of Civil Procedure 15. (*See* Dkt. No. 307).

## II.   LEGAL STANDARD

Plaintiffs seek leave to amend their complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Pursuant to Rule 15(a)(2), a party may amend its pleading upon the opposing party's written consent or with leave of Court. Fed. R. Civ. P. 15(a)(2). Courts will freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *in re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). Nevertheless, the Court may, in its discretion, deny a motion for leave to amend in one of three instances: (1) the movant engaged in undue delay, bad faith, or dilatory motives; (2) the amendment would cause undue prejudice to the non-movant; or (3) amendment would be futile. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004); *BTG Int'l Ltd. v. Actavis Labs. FL, Inc.*, Civ. No. 15-5909, 2017

---

[1] The proposed Second Amended Complaint also includes stylistic and other "clean-up" edits throughout. (*See* Dkt. No. 279, Ex. B).

WL 529446, at *2 (D.N.J. Feb. 8, 2017).  Ultimately, the decision of whether to grant leave to amend lies within the sound discretion of the Court.  *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

Notable here, an amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face."  *Harrison Beverage Co. v. Dribeck Imp., Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted).  To determine if an amendment is "insufficient on its face," the Court applies the same standard as on a motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).  "[I]f a claim is vulnerable to a dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency."  *Id.*

On a motion brought pursuant to Rule 12(b)(6), courts must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party."  *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).  Factual allegations, however, must be sufficient "to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (discussing standard under *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

### III. DISCUSSION

Here, Defendants do not challenge the proposed amendments on the basis of undue delay, bad faith, dilatory motives, or undue prejudice.  (*See* Dkt. No. 301).  Rather, Defendants focus on the contention that the amendments would be futile.

Based on the nature of the futility analysis, Defendants' arguments on the instant Request for Leave to Amend overlap with arguments that could be made in support of a motion to dismiss.  In such an instance, "[i]n the interests of judicial economy and in the absence of undue prejudice,

the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss." *See Colombo v. Bd. of Educ. for the Clifton Sch. Distr.*, Civ. No. 11-785, 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016) (citing *in re Aetna UCR Litig.*, Civ. No. 07-3541, 2015 WL 3970168, at *8 (D.N.J. June 30, 2015)). Accordingly, and exercising its discretion, the Court will not consider Defendants' arguments here in connection with its review of the Request for Leave to Amend. *See id.* (declining to consider futility arguments that may be better suited for a motion to dismiss).

Accordingly, Plaintiffs' Request for Leave to Amend is hereby GRANTED.

## IV. CONCLUSION

Having considered the submissions of the parties, and for the reasons set forth above, and good cause having been shown,

**IT IS**, **THEREFORE**, on this **30th** day of **October 2023**, hereby

**ORDERED** that Plaintiffs' Motion for Leave to Amend (Dkt. No. 279) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs shall file their Second Amended Complaint within seven (7) days of entry of this Order; and it is further

**ORDERED** that Defendants shall file a response to the Second Amended Complaint within fourteen (14) days of the filing of the Second Amended Complaint; and it is further

**ORDERED** that the Clerk of the Court shall terminate the motion at Docket Entry Number 279.

**SO ORDERED**.

/s/ Rukhsanah L. Singh
**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**